ELIZABETH A. BUVINGER, Plaintiff, *v.* RALPH R. BUVINGER, Defendant.

Supreme Court, Special Term, New York County, March 9, 1942.

*John Francis Spellman,* for the plaintiff.

*Arthur L. Obre,* for the defendant.

EDER, J. Action for absolute divorce brought by the plaintiff alleging she is the wife of the defendant; that he is now married to and living as husband and wife with a woman whom he married after obtaining a decree of divorce against the plaintiff in the State of Florida, which decree plaintiff avers is void in that jurisdiction over her was never acquired by the Florida court.

The defendant admits the institution by him of the Florida suit for absolute divorce and alleges that it was a *bona fide* suit on his part; that the Florida court acquired jurisdiction over the plaintiff and that the decree obtained by him against the plaintiff is valid; that following his divorce in Florida he remarried; that the woman he now lives with and with whom he cohabits is his lawful wife. It is the defendant's position that the sexual relationship between his present wife and himself is a lawful one and cannot constitute adultery; hence plaintiff has no cause of action.

Predicated upon section 1149 of the Civil Practice Act, the defendant moves for a jury trial and asks that the following issue be submitted for the jury's determination: " Has the defendant by marrying Mabel W. Conover on or about the 30th day of July, 1936 and living and cohabiting with her as his wife since that time at #45 Waverly Terrace, Bloomfield, New Jersey, committed adultery and lived in adulterous intercourse with said Mabel W. Conover as alleged in the complaint? "

In asserting that the Florida court acquired jurisdiction over the plaintiff herein the defendant alleges that the plaintiff deserted and abandoned him without cause; that he thereafter acquired a *bona fide* abode, residence and domicile in Florida; was at all times ready, able and willing to discharge his duties and obligations as a husband; maintained a suitable and habitable home for plaintiff there and was there gainfully employed; that plaintiff failed and refused to live and cohabit with the defendant and abandoned and deserted him and that because of the premises the domicile of the plaintiff followed the defendant; that in consequence plaintiff became amenable to the laws of Florida and that the decree of absolute divorce there obtained has bound and binds the plaintiff.

In substance, the defendant's contention is that having been legally freed of the bonds of matrimony which had existed between them his subsequent marriage to his present spouse is a legal alliance and that the resulting marital relationship cannot constitute adultery.

It is my opinion that in the mentioned situation the defendant is not entitled to a jury trial under section 1149 of the Civil Practice Act, entitled " Jury trial in action for divorce," and which reads as follows: " If the answer in an action for divorce puts in issue the allegation of adultery, the court must upon the application of either party, or it may of its own motion, make an order directing the trial by a jury of that issue; for which purpose the questions to be tried must be prepared and settled."

It seems clear from the language thus employed that the issue which may be litigated before a jury and submitted to it for decision is whether or not the adultery charged was committed in fact, and that as to whether any other status can be attributed to the relationship because of the institution of proceedings to dissolve the marriage before another tribunal and its resulting legal effect it is matter that cannot be submitted to a jury for determination under section 1149 as it involves a question of law which the court alone must decide.

Here the sexual intercourse between the defendant and the woman with whom he now cohabits as his wife is admitted but it

is sought to justify it as a lawful act by reason of what the defendant contends is a valid marriage subsequent to a legal decree of absolute divorce which he obtained against the plaintiff; thus the question which is involved and put in issue is not a factual one but a legal one and whether the relationship between the defendant and this woman is lawful or illicit is a matter that will depend upon the determination of the question of law.

The issue as framed and presented, quoted above, is a question of law and in so far as it incorporates any question of fact it is improperly united with a proposition of law and hence must be rejected in its entirety.

If the answer of the defendant had merely denied the commission of the act of adultery charged, which is the usual case, unquestionably he would be entitled to a jury trial and that would involve the simple and single issue — did the defendant commit the act of adultery charged? Here, however, the defendant proposes to submit as the issue, not the simple and single issue of adultery, but whether " by marrying " his present spouse, and considering the allegations of the complaint alleging the Florida divorce proceedings to be void for want of jurisdiction, the mentioned situation has created a condition which constitutes adultery.

The legal effect of the divorce suit in Florida, whether jurisdiction over the plaintiff herein was acquired, the effect of the decree upon the plaintiff, the resulting legal and marital status of the parties, and the legal effect of the defendant's subsequent marriage and cohabitation with his present wife, these are questions of law and not questions of fact.

It is my view that section 1149 contemplates the admission by the defendant of the existence of a valid marriage between the parties; that by the denial of the allegation of adultery he must intend to accomplish the defeat of the plaintiff's attempt to dissolve the marriage tie and to maintain its continuance and for this purpose may seek the aid of a jury to determine the issue of adultery. Here, by the question sought to be posed through the medium of the suggested issue, the defendant is not seeking to uphold the marriage tie with the plaintiff but is instead seeking to uphold its dissolution as accomplished by the Florida decree of divorce.

In the particular and rather unusual situation present, considering the facts and giving due consideration to what I believe to be the purpose and intent of section 1149, it is my conclusion that the defendant is not entitled to a jury trial upon the issue as proposed, and, accordingly, the motion for a jury trial is denied.